**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Valerie L. Hansen,

Civil No. 00-16 DWF/AJB

Plaintiff,

v.

**ORDER ON MOTION TO COMPEL DISCOVERY**

Genuine Parts Company, NAPA,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel discovery [Docket No. 16] and defendant's motion for leave to conduct an independent medical examination [Docket No. 17]. Hearing was held on December 12, 2000, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Philip R. Mahowald, Esq., appeared on behalf of the plaintiff. Elizabeth J. Csehy, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery and for sanctions is **granted in part and denied in part** [Docket No. 16].

2. Plaintiff shall provide a full and complete response to Interrogatory No. 2, relating to the identity of witnesses and facts underlying her claims. Plaintiff's objection is overruled.



FILED DEC 14 2000

3. Plaintiff shall provide a full and complete response to Interrogatory No. 9, therein identifying all medical personnel who have provided mental health related treatment since January 1, 1998. Plaintiff's production of relevant documents is insufficient response to the interrogatory.

4. Plaintiff shall provide a full and complete response to Interrogatory No. 10, therein describing treatment and medications taken since January 1, 1998. Plaintiff's production of relevant documents is insufficient response to the interrogatory.

5. Plaintiff shall provide a full and complete response to Interrogatory No. 17, therein identifying persons with whom facts underlying the complaint have been discussed and summarizing the discussions. Plaintiff's objection is overruled.

6. Plaintiff shall provide a full and complete response to Interrogatory No. 19, therein identifying all employment, commencing five years prior to the time she began her employment with the defendant. Plaintiff's objection is overruled. See St. Paul Reinsurance Company, Ltd. v. Commercial Finance Corp., 2000 WL 1737746 (N.D. Iowa 2000).

7. Plaintiff shall provide a full and complete response to Interrogatory No. 20, therein identifying all sources of income since termination of her employment with the defendant. Plaintiff's objection is overruled and production of relevant documents is insufficient response to the interrogatory.

8. Plaintiff shall provide a full and complete response to Interrogatory No. 21, therein identifying attempts to secure employment since termination of her employment with the defendant. Plaintiff's objection is overruled and production of relevant documents is insufficient response to the interrogatory.

9. Defendant's motion to compel production of documents is denied as moot.

10. Defendant's motion for sanctions is denied. See St. Paul Reinsurance Company, Ltd. v. Commercial Finance Corp., 2000 WL 1737746 (N.D. Iowa 2000)(sanction imposed for improper objections to discovery requests)

11. Defendant's motion for leave to conduct an independent medical examination is **denied** [Docket No. 17]. Plaintiff is not alleging a cause of action based upon emotional distress and is not asserting a claim of permanent damage for emotional distress, mental anguish or other psychological injury. Plaintiff also represents that she does not intend to call an expert witness at trial to testify regarding mental health issues. Under these circumstances the Court finds insufficient justification for ordering an independent mental health examination to be conducted over plaintiff's objection.

Dated: 12/14/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The Court has received direct correspondence from the plaintiff relating to these motions. The Court is persuaded that at present plaintiff is adequately represented by counsel and instructs that any contact with the Court should be through her attorney and with notice to opposing counsel. Plaintiff's responses to discovery requests pursuant to this Order, along with other litigation decisions, should be made in consultation with her lawyer.